[No. 5503.]

Guldman v. Wilder.

1. **Appeals—When Facts Will Be Reviewed**—A finding based upon substantial evidence will not be reviewed.—(554)

2. **Error Must Be Made Apparent**—Sustaining an objection to a question will not be held erroneous unless it appears by the record that what was sought to be elicited was relevant and competent.—(556, 557)

3. **Harmless Error**—The admission of incompetent evidence to a proposition established by other competent and uncontradicted testimony is harmless.—(556)

So evidence to an item of account which was rejected below.—(556)

4. **Evidence—Measure of Proof Required**—The rule requiring clear and satisfactory evidence to establish the abrogation of a written contract does not import that all conflict shall be excluded.—(555)

*Appeal from Denver District Court* — Hon. Frank T. Johnson, Judge.

Messrs. Muller & Summerfield, for appellant.

Messrs. Teller & Dorsey, for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

Appellant and appellee entered into a written contract whereby the latter agreed to make certain alterations and repairs upon the building of the former, known as the Golden Eagle, for the sum of $3,500.00 and the old material.

According to the claim of appellee, he entered into other contracts with appellant, some of which were written and some oral, to make certain alterations and repairs on the same building; that he did extra work thereon, and also work on another building belonging to the appellant. Appellee further claims that, after the work under the first contract had progressed about two months, he entered into a

verbal arrangement with appellant, whereby the latter agreed to complete the work contemplated by the the first written agreement referred to, at his own expense, pay all bills contracted by appellee up to that time, and pay him $300.00 as his profits or for his work and the old material, as originally agreed, he to remain on the job (as he expresses it).

Under these several contracts, except the first, appellee claims to have performed or paid for the work, and furnished the materials therein provided for, and to have complied with his oral agreement by which the written contract was abrogated. When the various contracts were completed, the parties were unable to adjust the differences which had arisen between them, and appellee brought suit. In his complaint he set up eight causes of action, the first of which is for $300.00, the sum which he says the defendant was to pay him in consideration of the abrogation of the first written contract.

He also set up seven other causes of action, in which he embraced the other contracts, and claims for extra work, to which we have referred. On all the causes of action, he prayed judgment in the sum of $1,309.49 and interest.

For answer to the first cause of action, the defendant denied the making of the oral agreement, and alleged that the written agreement therein referred to was never abrogated or changed, and set up a claim for damages resulting from the alleged noncompliance of plaintiff therewith.

As an answer to the other causes of action, he admitted some of the contracts upon which they were respectively based, but alleged payment, and claimed damages ·by way of counter-claim. As to others, defendant averred that the work and materials sued for were embraced in the original agreement, except such as had been discharged by pay-

ment; and as to one cause of action, denied its aver-
ments generally. He prayed judgment against de-
fendant upon the several counter-claims in the sum
of $1,999.68. To this answer, so far as it was affirm-
ative in its nature, replication was filed.

We have not given the pleadings of the respec-
tive parties more in detail, for the reason that the
questions we are called upon to determine renders it
unnecessary.

The issues in brief between the parties were,
whether or not the first written agreement had been
abrogated by a subsequent parol contract; whether
some of the work and materials sued for were em-
braced in the written contract; whether the work and
materials furnished under other contracts had been
paid for by defendant; whether plaintiff had per-
formed certain extra work; and, finally, whether de-
fendant was entitled to any damages on account of
his counter-claims.

The case was tried to the court without the
intervention of a jury. The findings were in favor
of the plaintiff, and judgment in the sum of $954.36
rendered against the defendant, from which he
appeals.

The main issue between the parties was,
whether or not an oral contract had been entered
into abrogating the original written agreement. The
first point made on behalf of defendant is, that the
judgment is excessive. This claim is based upon the
assumption that, giving the evidence bearing on the
subject of the oral agreement abrogating the orig-
inal written contract the widest possible scope, it
establishes nothing more than that the defendant
took over the entire work, and all the contracts then
existing between the plaintiff and himself, and hence,
it is urged that plaintiff was not entitled to recover
profits on the extra work, or on the other contracts,

or for anything more than the value of materials and work which he had theretofore furnished, or thereafter furnished, which had not been paid for, in addition to the $300.00 which he says was the consideration for the oral agreement.

The evidence on the subject of the oral contract was conflicting. Circumstances are called to our attention which support the claim of counsel for the defendant that the oral agreement was never made; or, if made, that it covered all the work for defendant on which the plaintiff was then engaged and all the contracts between them; while, on the other hand, counsel for plaintiff point out direct evidence, as well as circumstances, tending to prove that the oral agreement was made, as claimed by him. On some of the other issues between the parties, the evidence was also conflicting. It is the peculiar province of a trial court to determine the issues of fact between parties litigant on conflicting evidence. In such circumstances, it is not error to find in favor of one instead of the other. If there is substantial evidence tending to support the finding made, it will not be disturbed on review. The reason for the rule is so well understood by the profession that it is not necessary to discuss or cite authority supporting it. A finding of fact based on conflicting evidence cannot be set aside merely because the trial court might have found differently, provided, as we have said, there is substantial testimony to support that made.

It is next claimed by counsel for defendant that the testimony is not sufficiently clear to support the finding that the written agreement was abrogated by the subsequent oral contract. In support of this, they invoke the recognized rule to the effect that a new and distinct oral agreement, abrogating a prior written contract, must be established by clear and satisfactory evidence. As applied to the case· at

bar, this rule does not mean that a finding that a written agreement was abrogated by a parol contract will not be upheld, merely because the evidence on that issue is conflicting, but rather is the testimony to prove the parol contract sufficiently clear and positive, if believed by the trial court to establish it.

We are of the opinion that the testimony on behalf of the plaintiff in connection with all circumstances and acts of the parties is of that nature, and sufficiently clear and satisfactory to support the finding of the trial court on the issue under consideration.

It is next urged that the court erred in the admission of testimony. The specific objection argued in the brief is, that exhibits ''A'' and ''B,'' being statements of material furnished, with prices, were not competent to prove values. With respect to exhibit ''A,'' it appears that plaintiff was testifying as to the value of the work and material sued for in his seventh cause of action. He stated that it was reasonably worth the sum claimed. This testimony does not appear to have been disputed, so that the question of the admissibility of exhibit ''A,'' which was for material in the sum of $1.21, used in doing the work set out in cause seven, could not have been prejudicial, even if incompetent. Plaintiff testified as to the value of certain material purchased from McPhee & McGinnity, which he claimed to have used in carrying out his contracts. Exhibit ''B'' was a bill for this material. It was offered and received in evidence, and included an item of $71.42, the profit on plate glass, charged to plaintiff, because it had been cut, though not used, for the reason that defendant objected to having it placed in his building. The only objection then urged against the admission of the bill was, that it contained this item.

Objections not made below will not be considered on review. It appears that the item of $71.42 was disallowed by the court; therefore, the defendant was not prejudiced if the objection to the reception of the account was well taken. Besides, it appears that testimony clearly competent to prove the value of the material mentioned in exhibit "B" was introduced on behalf of the plaintiff, and as there was nothing offered on the part of the defendant, with respect to the value of such material, the reception by the trial court of incompetent testimony on the subject was nonprejudicial.

A member of the firm of McPhee & McGinnity testified, their books showed that the material charged to plaintiff on exhibit "B" was used in the Golden Eagle. This testimony was objected to upon the ground that the record was the best evidence. There was no testimony controverting the statements of plaintiff that the material specified in exhibit "B" (except to the extent of $71.42 above referred to), went into the Golden Eagle, so that the statement of the witness objected to could not have changed the result. It is true defendant sought to show that the amount of lumber charged on the McPhee & McGinnity bill did not go into the Golden Eagle, by a witness who measured it after it was put in place in the building. Some old material which came out of the building had also been used. Most of it had been repainted, and the witness frankly admits that he could not tell the old from the new, or what lumber had actually been used, except as it had been pointed out to him by an employee of the defendant.

The final question urged relates to the ruling of the court in sustaining the objection to a question propounded to a witness on behalf of the defendant. From the record it does not appear that what it was

sought to elicit from this witness was either relevant or competent.

The issues between the parties were numerous, but not complicated; neither were there any intricate questions of law involved. As to some of the issues, the evidence was conflicting, but, as previously stated, it was amply sufficient to support the findings of the court. It may be that some errors were committed, but it affirmatively appears that the defendant was not prejudiced thereby. No sufficient reason has been urged to justify either a reversal or modification of the judgment, and it will, therefore, stand affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.